UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-9193-DSF (KS)                                          Date: October 14, 2020

Title      *Rene Cazares v. J. Pickett*


Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge


|  Gay Roberson  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On October 6, 2020, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1 (the "Petition").) According to the Petition, Petitioner is challenging a 1994 conviction and sentence for second-degree robbery and related offenses.  (*See id.* at 1, 16.)[1]  Petitioner was sentenced to a prison term of five years and eight months. (*Id.* at 1)  On October 27, 1995, Petitioner's judgment of conviction was affirmed on direct appeal. (*Id.* at 2, 49.)  He did not appeal the affirmance of his conviction to the California Supreme Court. (*Id.*)  In 1999, Petitioner was convicted of battery on a non-prisoner and possession of a deadly weapon by a prisoner, and was sentenced to a prison term of 25 years to life.  (Petition at 17, 76.)  Petitioner is currently incarcerated pursuant to his 1999 offenses, but he makes clear in the Petition that he is challenging his 1994 conviction and sentence.[2]  (*Id.* at 17.)

More than 16 years after his 1994 conviction became final, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court, which was denied on December 4, 2012.  (*Id.* at 51-52.)  Petitioner filed another petition for writ of habeas corpus in the Los Angeles County Superior Court, which was denied on December 2, 2014.  (*Id.* at 77.)  Neither of those petitions raised any of the grounds asserted in the instant Petition.  (*Id.*)
//
//

---

[1]   For ease of reference, the Court cites to the page numbers assigned by the Court's Electronic Case Filing System.

[2]   "Although petitioners must be in 'custody pursuant to a state court judgment' in order to bring a habeas petition under § 2254, they are not limited to challenging the specific judgment of conviction and sentence that resulted in their state custody."  *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-9193-DSF (KS)                                    Date: October 14, 2020

Title     *Rene Cazares v. J. Pickett*

In 2018, more than 22 years after his 1994 conviction became final, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court, which was denied in January 2019. (*Id.* at 3-4, 75-85 (Case No. S255198).) The Superior Court held that the petition was procedurally barred, as it did not allege with specificity with Petitioner did not raise the issues in the petition until 2018; Petitioner raised claims that could have been, but were not, raised upon a timely appeal from a judgment of conviction; and the Petition failed on the merits. (*Id.* at 77.) In February 2019, Petitioner filed a petition for writ of habeas corpus, raising the same grounds for relief, in the California Court of Appeal, which was denied in March 2019. (*Id.* at 4, 89-90.) And in July 2019, the Supreme Court of California denied the same petition. (*Id.* at 4-5, 91.)

The instant Petition asserts five grounds for relief (the same grounds he raised in his 2018 state habeas petition): (1) the trial court lacked subject matter jurisdiction; (2) the trial court imposed a sentencing pursuant to the "wrong statute"; (3) Petitioner's conviction infringed on his right to fair notice in violation of the Sixth and Fourteenth Amendments; (4) ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel. (Petition at 19-36.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128. To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.* Accordingly, **this Order is intended to give Petitioner notice that the Petition is subject to dismissal because it is facially untimely**. **To discharge this Order and avoid dismissal, Petitioner, no later than November 13, 2020, must file a First Amended Petition that corrects the defects discussed below.**

   A.  **Applicable Statute of Limitations for Petitioner's Claims**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-9193-DSF (KS)                                                                                      Date: October 14, 2020

Title        *Rene Cazares v. J. Pickett*

"encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A), *see Dodd v. United States*, 545 U.S. 353, 357 (2005), and Petitioner has not proposed an alternative commencement date under Section 2244(d)(1).

**B. Petitioner's Claims Appear to Be Untimely**

According to the Petition, Petitioner was convicted in 1994 and his judgment of conviction was affirmed on October 27, 1995. Petitioner did appeal to the California Supreme Court or file a state habeas petition challenging his conviction until 2012. Therefore, based on this timeline, Petitioner's 1994 conviction became final on December 6, 1995, 40 days after the order affirming his judgment of conviction was filed without Petitioner seeking review from the California Supreme Court. *See* Cal. R. Ct. 8.366(b)(1) (providing that Court of Appeal decision becomes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-9193-DSF (KS)                                              Date: October 14, 2020

Title   *Rene Cazares v. J. Pickett*

final 30 days after filing); Cal. R. Ct. 8.500(e)(1) (providing that petition for review must be served and filed within 10 days of Court of Appeal decision becoming final).  Therefore, absent tolling, Petitioner was required to file his federal habeas petition no later than December 5, 1996, *i.e.*, within one year after his judgment of conviction becoming final.  A habeas petitioner may be entitled to gap tolling of the limitations period during the pendency of collateral proceedings in state court, but here, Petitioner did not seek collateral review until more than 16 years after the AEDPA statute of limitations had expired.  When, as here, a petitioner waits to initiate his state habeas proceedings until after the federal statute of limitations has lapsed, statutory tolling is not available.  *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

The Petition also does not suggest that Petitioner that is entitled to equitable tolling. Petitioner has not alleged any extraordinary circumstances that prevented him from timely filing this action nor established diligence in pursuing his rights since the conclusion of direct review. *See Holland*, 560 U.S. at 645 (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted).  Petitioner states that is a layperson without legal knowledge.  (Petition at 6.) However, that circumstance is commonplace among *pro se* prisoner litigants and does not constitute an extraordinary circumstance justifying tolling.

Accordingly, the Petition is facially untimely and subject to dismissal.

Nevertheless, in the interests of justice, **Petitioner is ORDERED TO SHOW CAUSE on or before November 13, 2020 why the Petition should not be dismissed** – that is, Petitioner must file, no later than **November 13, 2020**, a First Amended Petition For Writ Of Habeas Corpus that establishes that the petition is timely, *i.e.*, that Petitioner is entitled to an alternative commencement date and/or to sufficient statutory tolling (for habeas petitions filed in the state court) and/or equitable tolling (for extraordinary circumstances beyond his control that made it impossible for him to commence this action within the required time) to render the petition filed within one year of the date his conviction became final.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-9193-DSF (KS)                                                    Date: October 14, 2020

Title   *Rene Cazares v. J. Pickett*

**Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition and a copy of the Central District's form Notice of Voluntary Dismissal.

**IT IS SO ORDERED**.

:

**Initials of Preparer**   gr